Citation Nr: 1536770 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 09-43 868 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for heart disease, to include an implantable pacemaker and heart murmur.


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Michael J. Adams, Associate Counsel

INTRODUCTION

The Veteran had active duty service from June 1978 to June 1981.

This matter comes before the Board of Veterans' Appeals (Board) from an August 2008 rating decision of the Huntington, West Virginia Regional Office (RO) of the Department of Veterans Affairs (VA). In August 2014 the Veteran testified at a Board hearing before the undersigned Veterans Law Judge (VLJ). A copy of the transcript of that hearing has been associated with the record on appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

After review of the claims folder the Board finds that additional development is necessary prior to adjudication of the Veteran's claim.

The Veteran's claim was previously remanded by the Board in October 2014, in pertinent part to request and attempt to obtain medical records from the Dwight D. Eisenhower Army Medical Center. By history, the Veteran testified at his August 2014 hearing that while in service, he experienced an episode of syncope during training, after which he was taken to the Army hospital at Fort Gordon. At the hospital, the Veteran reports that a physician informed him that he had a heart murmur. While the Veteran's service treatment records have been obtained, it does not appear that a request was ever made to the Dwight D. Eisenhower Army Medical Center (the hospital associated with Fort Gordon) to obtain any of the Veteran's records. As such, remand is required comply with the Board's previous remand and request and if possible, obtain these records. Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. Request and obtain any of the Veteran's outstanding treatment records from the Dwight D. Eisenhower Memorial Hospital from 1978 to 1981. If the records are not available, a formal memorandum of unavailability should be made. All attempts to obtain these records should be documented in the claims folder.

2. If, and only if, records are received that reflect an in-service heart condition, to include a heart murmur, schedule the Veteran for an appropriate VA examination to determine whether there is a nexus between his current condition and the in-service injury. The claims folder, including a copy of this remand must be reviewed by the examiner. All medically indicated tests should be conducted. Thereafter, the examiner is asked to opine as to the following:

Whether it is at least as likely as not (50 percent probability or greater) that the Veteran's current heart condition, to include his implantable pacemaker, began in service, was caused by service, or is otherwise related to service?

A complete rationale must accompany any opinion provided.

3. Notify the Veteran that it is his duty to assist the VA in adjudicating his claims. Failure to report to a scheduled examination without good cause may result in the denial of the claim. 38 C.F.R. § 3.655.
 
4. Thereafter, re-adjudicate the Veteran's claim with consideration of all of the evidence of record. If the benefit sought is not granted, issue a supplemental statement of the case and afford the Veteran and his representative an appropriate opportunity to respond before returning the case to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).